FANNY WINTERBAUM, APPELLANT, v. IDA A. DEUSEL, RESPONDENT.

Submitted March 22, 1920—Decided June 14, 1920.

A declaration of trust of real estate for the benefit of T., a married woman, to receive rents and profits, pay expenses and render her the overplus for her own use; and further, to sell and convey the premises to such person or for such use and on such consideration as she in writing, without her husband joining, shall direct, and to pay her the proceeds of sale, less proper charges, and failing such conveyance during her life then to convey to such person as she should by will appoint, and failing such appointment, then to convey to her daughter M.—*Held*, to create an equitable life estate unaffected by the statute of 1912 (*Pamph. L., p.* 522) and free from any claim of curtesy initiate on the part of the husband.

On appeal from the Supreme Court, whose opinion is reported in 93 *N. J. L.* 82.

For the appellant, *William Greenfield.*

For the respondent, *Nathan H. Berger.*

The opinion of the court was delivered by

PARKER, J. The facts are generally stated in the opinion of the Supreme Court and therefore need not be repeated here *in extenso.* As will appear by a reading of that opinion, the plaintiff below sought to recover back a deposit paid on a contract to purchase real estate, on the ground that there was an encumbrance in the form of a right of curtesy initiate vested in defendant's husband and which (as claimed) affected the equitable title so as to make it unmarketable and entitle the purchaser to reject the title proffered and recover back her deposit unless the encumbrance was removed. See *Eisler* v. *Halperin,* 89 *N. J. L.* 278. The Supreme Court held, in effect, that the conveyance by defendant's trustees of the legal title, pursuant to an appointment by the defendant by virtue of the terms of the trust, would defeat all right of curtesy; and, accordingly, affirmed the judgment for defendant rendered in the District Court.

We concur in the result reached by the Supreme Court and District Court, but, as we look at the facts, the precise question decided by the Supreme Court is not in the case, so that discussion of it is, in our judgment, *obiter.* The defendant below, having certain funds of her own and over which she had exclusive control, being apparently not on good terms with her husband and desiring to exclude him from any interest in the real estate in question which she wished to purchase, had the conveyance made to the trustees to hold the title on certain specific trusts expressed in writing and in due form. These trusts are noted in the Supreme Court opinion, but not in the language of the trust agreement. That instrument, after stating a general trust for defendant's benefit, to receive rents, pay expenses, &c., goes on as follows:

"And, upon the further trust, that we will grant, bargain, sell and convey the said premises to such person or persons, or for such use, and for such consideration as the said Ida A. Duesel shall in writing executed by her without her husband joining therein, direct, and after the payment to us, or either of us, of all moneys paid by us in satisfaction of said mort-

gage, taxes, insurance and other charges on said premises, to pay the residue of the proceeds of such sale to the said Ida A. Duesel, and in the event of the said premises remaining unconveyed at the decease of the said Ida A. Duesel, in like manner to convey the same to such person or persons as she by her last will and testament, duly executed, shall appoint, and on failure of such appointment, to convey same to Mabel E. A. Duesel, the daughter of the said Ida A. Duesel."

An examination of this language makes it entirely plain that the equitable estate of the defendant, Ida A. Duesel, was and is an estate for life with power of appointment by direction in writing during her lifetime or by will to take effect at her death; and failing such appointment with remainder over to defendant's daughter Mabel by name. There are no words of inheritance; and while by statute such words in a deed are now unnecessary to pass a fee, and "an exception" is required to limit the estate transferred (*Pamph. L.* 1912, *p.* 522), it seems plain that even assuming that a declaration of trust is a "deed" within the purview of this statute—a point on which we do not pass—the language of the instrument is such as to point unmistakably to an equitable estate for life with a duty to convey to the daughter Mabel, failing an appointment by her mother. The fact that no provision is made for the contingency of Mabel predeceasing her mother cannot enlarge the life estate of the latter; and what is to happen to the fee in such case is immaterial now. The crux of the case is, that the equitable estate of the defendant is a mere life estate, and as such not subject to tenancy by the curtesy; and hence, it follows that there was no valid reason for plaintiff rejecting the title on this score.

The further point is urged that there is a party wall easement. This, however, was not made a ground of rejecting the title and the District Court held that it had been waived; a legitimate finding of fact binding on the Supreme Court and on us.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TREN-CHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.   11.

*For reversal*—None.